Wright *v.* Millard.

Judgment reversed.

*Johnson & Matthews* and *R. P. Lowe,* for plff. in error.

*L. H. Reeves,* for defendant.

————•◆○————

## WRIGHT *v.* MILLARD.

The act passed for the benefit of settlers on the "Half Breed Lands" in 1840, cannot be interposed against a title confirmed by the judgment of partition in *Spaulding* et. al. v. *Antonya, et. al.* Said act became inoperative by its own limitation, as soon as the title to said "lands" became settled by due course of law.

A statute in derogation of common law should be strictly construed, and confined to the object of its enactment.

The judgment of partition absolute.

### ERROR *to Lee District Court.*

*Opinion by* KINNEY, J. Millard sued Wright before a justice of the peace in an action of trespass for injuries upon his lands; by cutting timber, and carrying off rails. Wright recovered judgment for costs. Millard appealed and obtained judgment for nominal damages in the district court, to reverse which Wright brings the case to this court, on writ of error.

From the record it appears that the parties resided on what is commonly called the half breed tract.

Wright *v.* Millard.

In the year 1840, the legislature of the territory of Iowa, passed the following statute for the benefit of settlers on the half breed lands : " That it shall be lawful for any settler on the half breed lands, to select not to exceed one section of land in said tract, a part of which may be prairie and a part timber, provided he has an interest in or a title to said land by paying a tax on the same, and providing further, that he shall not in his selection interfere with the claim of any other settler on said land. And in order that the settler may hold his claim peaceably, quietly, and undisturbed until the perfect title is ascertained and settled by the due course of law, it shall not be deemed necessary for him to enclose more of said land than may suit his convenience, and his receipt for taxes from the proper officers, shall be regarded as sufficient evidence of title and ownership, as to authorize him to commence and sustain his action for any wrongs and trespasses committed upon his claim as set fourth in the 1st § of the act." Laws of 1840, p. 19, § 1 and 2.

From the bill of exceptions, it appears that the defendant Wright, introduced testimony tending to prove, that he settled upon the half breed lands, in 1837, and selected half a section lying in a body, part prairie, part timber, for the purpose of a farm, of which the premises described in the plaintiff's complaint, upon which the trespass is alleged to have been committed, constituted the timber part. He also proved the building of a house upon the prairie part; occupancy of the same ; the cultivation of the prairie, and possession up to the time of trial ; also, that he had used the timber off from the land, claimed by plaintiff, for the purpose of making his improvements. The defendant also introduced the tax receipts from the proper officers of the county, of taxes by him paid on the land described in the complaint of plaintiff for each successive year, from 1837, to 1845 inclusive.

To rebut the evidence introduced by the defendant below; and to show that the perfect title to the half breed lands had

been ascertained and settled by due course of law, and that said tax receipts had ceased to be evidence, for the defendant under said law at the time of the alleged trepass the plaintiff offered in evidence a certified copy of the record of the proceedings and decree in the case of *Josiah II. Spaulding* and others *vs. Euphrosinie Antonya* and others for the partition of said half breed lands, a copy of which is made part of the record in this case.

Three several bills of exceptions were taken on the trial by the plaintiff in error, but the refusal of the court to give the following instruction, is alone relied upon for a reversal of the judgment : "That if the defendant selected the said premises at an early time in the settlement of the half breed tract, as a part of his farm, and paid the taxes on the same regularly, that such selection and payment of taxes, gives the defendant possession of said premises even without an enclosure."

This instruction was properly refused to be given to the jury. The statute being in derogation of the common law, must not only receive a strict construction, but must also be confined in its application to the object and purposes for which it was enacted. Various and conflicting titles were set up to that portion of Lee County, known as the half breed tract. At the time this law was passed, there had not been any adjudication upon these titles. Much of the land was occupied by individuals whose only color of right was their possession, and this at common law could not extend beyond their enclosures.

Prior to the enactment of the statute, trespass could only be maintained for an injury to the enclosure, by those settlers who were in possession without color of title, but the statute steps in, and extends the action to all those who claim and pay taxes on a section of land, although the same be not enclosed. But this statute is limited in its provisions, and is only made operative until the occurrence of a certain contingency. That contingency is the settling of the title

Wright *v.* Millard.

by due course of law. That due course of law is an adjudication by a court of competent jurisdiction. The judiciary of the country can alone try, determine and settle conflicting titles to land. No other power or authority can be invoked for this purpose. From the courts, and from the courts alone must emanate proceedings and action, which is to settle and perfect title to lands which the legislative branch of the government by passing the act, presupposes to be in dispute and undetermined. Was then the perfect title thus ascertained and settled? If so the statute was no longer in force. It had expired by its own limitation. By the decree of partition introduced by the plaintiff below, it appears that the tract was divided into one hundred and one shares and partitioned and set off to the respective owners. This proceeding and final action of the court as has been decided by this court, was an ascertainment and settlement of the title. While that judgment remains it is absolute verity and must receive full faith and credit as the judgment of the court, whenever attempted to be enforced. Nor does it matter that bills are pending to impeach or vacate it. While it remains the judgment of the court it is operative and effectual and must be regarded as a settlement of the title by due course of law as contemplated by the legislature.

From these views it follows that the title being ascertained and settled, the period for which the statute was passed had expired at the time of the commencement of the suit, and Wright not exhibiting any title to the land on which the alleged trespass was committed, and the same not being in his possession by enclosure, the statute affords him no protection.

The court did not err in refusing the instruction.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*Geo. C. Dixon*, for defendant.